

# PRINCE GEORGE'S COUNTY GOVERNMENT

## OFFICE OF LAW

**Angela D. Alsobrooks**
**County Executive**

**Rhonda L. Weaver**
**County Attorney**

**Deputy County Attorneys**
**Sean G. Dixon**
**Andrew J. Murray**
**Joseph C. Ruddy**

May 7, 2021

The Honorable Theodore Chuang
The United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:  *Jermall West v. Prince George's County, Maryland,*
          Case No. 21-cv-863-TDC

Dear Judge Chuang:

    This letter is written to advise the Court of Defendant Prince George's County, Maryland's (hereinafter the County) intent to file a motion to dispositive motion. The Complaint filed by Jermall West, a former detainee at the Prince George's County Detention Center, arises from his required quarantine due to his COVID-19 diagnosis on the same day bond was paid on his behalf and his lack of a safe place to quarantine.  The Complaint asserts three claims based on violations of his constitutional rights pursuant to 42 U.S.C. §1983.  Specifically, Mr. West asserts that the County violated his Fourth Amendment Rights against unreasonable seizure (Count I), substantive due process rights (Count II) and procedural due process rights (Count III).  The County's motion will seek dismissal or judgment in its favor on all claims.

    Based on the facts alleged in the Complaint, Jermall West entered the Prince George's County Detention Center (PGCDOC) following his arrest on January 9, 2020.  Following a series filed motions and bond hearings, the Court ordered West release on bond on April 1, 2020.  On April 3, 2020, bond was paid on West's behalf; however, COVID-19 testing at the detention center revealed that West was positive for the virus.  Then-Director of the Prince George's County Detention Center, Mary Lou McDonough, contacted West's mother with whom he resided and informed her of his diagnosis and require 14-day quarantine.  West's mother informed Ms.

McDonough that West could not come home.  Attempts were also made to have Mr. West stay with his brother and quarantine there but were unsuccessful.  Thus, West was quarantined in the medical unit in the detention center until his release on April 16, 2020.

The motion filed by the County would contend that this Court lacks subject matter jurisdiction based on the Complaint's failure to state a claim upon which relief may be granted.  In the alternative, the County contends that it is entitled to judgement as a matter of law.  First, the Complaint fails to state a claim against Prince George's County, Maryland when it fails to properly plead a *Monell* claim.  It is well established that "plaintiff must plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of rights."  *Semple v. City of Moundsville,* 195 F.3d 708, 712 (4th Cir. 1999); *see generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-695 (1978).  The *Monell* requirement for municipal liability under Civil Rights Act of 1861 [42 U.S.C.A. § 1983] that the particular policy be the "moving force" behind a constitutional violation; there must at least be an affirmative link between the policy alleged in the particular constitutional violation at issue.  City of Oklahoma City v. Tuttle, 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).  In other words, there must be a definite causal link between the deprivation of a federal right and the execution of a specific governmental policy responsible for that alleged deprivation.  *Monell*, 436 U.S. at 690-95.

Here, Mr. West contends that after he tested positive for COVID-19, Director McDonough contacted his mother and brother notifying them of his diagnosis and require quarantine and told that he could not come home or to his brother's residence. (ECF 1, ¶¶ 21-25.)  West had no other safe place to go upon his release and Director McDonough decided to keep him in jail.  (ECF 1, ¶¶ 26-27.)  This Court can take judicial notice that the COVID-19 pandemic that has struck our country, state, and county is a novel virus that no one was prepared for.  Like this virus, Mr. West's predicament was a case of first impression and did not establish a policy, but instead illustrated a need for a policy to be developed.  Plaintiff only identifies his own incident to establish an unconstitutional policy.  During the year since COVID-19 pandemic struck Prince George's County, Plaintiff fails to even assert than any other detainee was subjected to this "policy."  Moreover, a single instance of over-detention due positive test result for novel virus at the beginning of a pandemic and no safe place to quarantine cannot, by definition, equate to the "widespread and permanent" practice necessary to demonstrate a custom attributable to the County. Greensboro Prof. Fire Fighters Ass'n, Local 3157 v. City of Greensboro, 64 F.3d 962, 967 (4th Cir. 1995) (affirming summary judgment in light of only two (2) prior

similar incidents). Based on the above, Mr. West's Complaint fails to state a claim upon which relief may be granted on the grounds that he failed to properly plead a *Monell* claim against the County.

In Count I, Mr. West contends that his Fourth Amendment rights against unreasonable seizures was violated when the detention center failed to release him when his bond was paid. (Doc. 1, ¶¶ 46-48.) "At the adoption of the Fourth Amendment, a 'seizure' was the "act of taking by warrant" or "of laying hold on suddenly"—for example, when an "officer seizes a thief."" Torres v. Madrid, 141 S. Ct. 989, 995 (2021)(citing 2 N. Webster, An American Dictionary of the English Language 67 (1828) (Webster)). In the present case, Mr. West clearly was already in the custody of the County. They did not seize him. They did not take him by warrant. There was no trip to the police station for the prosecution of a crime. This is a case of over-detention caused by exigent and extreme circumstances. The Fourth Amendment is not applicable and Plaintiff's claim must be dismissed.

In Count II, Mr. West contends that this substantive due process rights were violated when the County failed to release him upon payment of bond. (Doc. 1, ¶¶ 50-52.) The substantive due process standard differs slightly depending on whether a claim is brought by a pretrial or post-conviction detainee. See Dilworth v. Adams, 841 F.3d 246, 251-52 (4th Cir. 2016). "Typically, a substantive due process claim pursued by a pretrial detainee challenges the general conditions of confinement or the treatment of detainees in a specific facility." Williamson v. Stirling, 912 F.3d 154, 174 (4th Cir. 2018). The "central inquiry" concerns "whether the conditions imposed on the pretrial detainee constitute 'punishment.'" Id. (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)). Pretrial detainees only receive substantive due process protections for a "punishment" imposed on them. Dilworth, 841 F.3d at 252. To establish that a restriction or condition constitutes a "punishment," a pretrial detainee must allege that it was either "(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate non-punitive governmental objective." Williamson, 912 F.3d at 174 (internal quotation omitted). As applied to West's allegations, it is clear the over-detention of West was based upon a legitimate non-punitive governmental objective of safeguarding the health and safety of other detainees, correctional staff, West's family, and the community for possible COVID-19 exposure. Even viewing the asserted facts in the Complaint as true, the only reasonable inference that a juror could draw is that the over-detention was required due to West's COVID-19 diagnosis, the 14-day quarantine requirement, and there being no safe place from him to quarantine outside of County custody. Thus, Count I fail to state a claim upon which relief may be granted and warrants

dismissal.

Finally, in Count III, West contends that this procedural due process rights were violated when he was detained after posting bond for his release. (Doc. 1, ¶¶ 54-55.) The facts asserted by West clearly show that the County did not deny him an opportunity to be heard. As asserted by West in the Complaint, an Emergency Habeas Corpus Petition was filed on his behalf and scheduled for a hearing on April 21, 2020. (ECF 1, ¶ 30.) West's medical records show that he was clearly informed of his diagnosis and required quarantine. West was quarantined in the medical unit of the detention center and monitored by the medical staff. Since Mr. West was released from quarantine and custody on April 16, 2020, the reasonable inference is that the hearing was deemed moot and not held. There are no allegations that the County prevented West from filing his petition or denied him a hearing. Again, the Complaint fails to state a claim upon which relief may be granted and warrants dismissal.

For these reasons, Prince George's County, Maryland seeks to file a Motion to Dismiss, or alternatively, Motion for Summary Judgment.

Respectfully submitted,

*Shelley L. Johnson*

Shelley L. Johnson
Associate County Attorney
(301) 952-3932
sljohnson@co.pg.md.us